Shaw, C. J.
This is an action of trover, brought by the assignee of an insolvent debtor, to recover the value of the goods mentioned in the writ, for the benefit of the creditors of Merrill the insolvent. Having been the property of Merrill the insolvent, if there was not such a valid sale of the goods, as would prevent a creditor from attaching or taking them in execution, then by force of the insolvent law, the plaintiff is entitled to recover the goods or their value, for the general' -benefit of the creditors.
The sale was not made by the debtor personally; on the contrary, it was made in his absence, after he had in fact absconded, by a person acting as clerk and salesman, in the retail shop of the debtor. The judge charged the jury, that the sale was not valid against the assignee, unless it was made by the express or implied authority of the owner. This direction was unquestionably right. Whether there was any express authority, from previous instructions of the debtor to his clerks, or any implied authority from usage and other circumstances, were questions of fact properly left to the jury. We think the charge was sufficiently favorable for the defendant; had the verdict been the other way, as far as we can perceive from the evidence reported, it is much more questionable, whether it could be supported.
But there is another ground on which the ease may be decided. The transaction was in effect a pledge and not a sale of the goods, at an agreed price, in the ordinary course of business. The defendant selected goods to nearly double the amount of his debt, which the clerk declined letting him take, until he gave a memorandum stipulating to restore them on *425 payment of a smaller sum named, which was the balance due on his note. We can perceive no authority, on the part of the clerk and salesman, to hypothecate the goods of his employer as security for the debt, and therefore the property was not changed. Even if the contract was not absolutely void, but voidable only, the right to avoid it was a valuable right of the creditor, and may be exercised by the assignee.

Exceptions overruled.